J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
450 N. Brand Blvd., Suite 600
Glendale, California 91203-2349
Telephone: (818) 291-6444
Facsimile: (818) 291-6446

Attorneys for Plaintiff Nike, Inc.

Henry Schaefer, Esq.
*henryschaefer8@yahoo.com*
Law Offices of Astanehe & Schaefer
819 Eddy Street
San Francisco, California 94109
Telephone: (415) 771-6174
Facsimile: (415) 474-3748

Attorney for Defendants Nabil Ismael, Mohammed Ismael, Platinum Bay, Inc. d/b/a Platinum Fashion

*E-FILED 2/2/07*

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nike, Inc., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>Nabil Ismael, Mohammed Ismael, Platinum Bay, Inc. d/b/a Platinum Fashion, and Does 1 through 10, inclusive, <br><br>　　　　　Defendants. | Case No. CV 06-6730 RS <br><br> JOINT STIPULATION RE ENTRY OF CONSENT DECREE; [~~PROPOSED~~] CONSENT DECREE AND PERMANENT INJUNCTION |

WHEREAS, Nike, Inc. ("Nike"), having filed a Complaint in this action charging Defendants Nabil Ismael, Mohammed Ismael, Platinum Bay, Inc. d/b/a Platinum Fashion (collectively "Defendants") with liability for trademark

infringement, trademark dilution, and unfair competition, and the parties hereto desiring and having agreed to settle the controversy between them.

Nike and Defendants, by and through their respective counsels of record, stipulate and agree as follows:

1. That a Permanent Injunction and [Proposed] Consent Decree may be entered upon the terms set forth below.

2. Defendants stipulate not to appeal the Consent Decree entered pursuant to this Stipulation and hereby waive all rights to appeal from it. Defendants hereby waive any rights which they may have to request or to have a new trial or any rights which they may have to otherwise challenge, directly or collaterally, the Injunction entered pursuant to the terms of this Stipulation, unless there is a breach by Nike of the Release and Settlement Agreement and this Stipulation.

3. Defendants acknowledge that they have completely read the terms of this Stipulation and [Proposed] Order and fully understand the terms and consequences of the Stipulation and [Proposed] Order.

4. The waiver by a party to this Stipulation of the performance of any covenant, condition or promise herein shall not invalidate this Stipulation nor shall any such waiver be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Stipulation.

5. This Stipulation may be amended or modified only by a written instrument signed by all the Parties.

6. The claims for relief, and each of them, alleged by Nike against Defendants, shall be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

7. This Stipulation shall be binding on and inure to the benefit of the Parties to it, their successors, heirs or assignees.

IT IS SO STIPULATED:

Dated: 2/2, 2007

J. Andrew Coombs, A Prof. Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Dated: 1/23, 2007

Law Offices of Astanehe & Schaefer

By: _____
Henry Shaefer
Attorney for Defendants Nabil Ismael, Mohammed Ismael, Platinum Bay, Inc. d/b/a Platinum Fashion

The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal that has been executed by Plaintiff Nike, Inc. ("Nike") and Defendants Nabil Ismael, Mohammed Ismael, Platinum Bay, Inc. d/b/a Platinum Fashion (collectively "Defendants") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the parties' stipulation and only as to Defendants, their successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1331, 1338 and 1367. Service of process was properly made against Defendants.

2) Nike claims that it owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

3) Nike has alleged that Defendants have made unauthorized uses of the Nike Trademarks or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a) Infringing the Nike Trademarks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Nike Trademarks ("Unauthorized Products"), and, specifically from:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

        iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected

with Nike, are sponsored, approved or licensed by Nike, or are affiliated with Nike;

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike.

5) Each side shall bear its own fees and costs of suit.

6) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7) This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendants, be reopened should Defendants default under the terms of the Settlement Agreement.

///
///
///
///
///

11) This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: February 2, 2007

_____
Hon. Richard Seeborg
Magistrate Judge, United States District Court, Northern District of California

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Law Offices of Astanehe & Schaefer

By: _____
    Henry Schaefer
Attorney for Defendants Nabil Ismael, Mohammed Ismael, Platinum Bay, Inc. d/b/a Platinum Fashion



# EXHIBIT A

## Nike Trademark Registration

| | MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|---|
| 1. | Nike® | 1,277,066 | May 8, 1984 | 25 |
| 2. | Swoosh® Design | 1,284,385 | July 3, 1984 | 25 |
| 3. | Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 | 25 |
| 4. | Nike Air® | 1,571,066 | December 12, 1989 | 25 |
| 5. | Air Jordan® | 1,370,283 | November 12, 1985 | 25 |
| 6. | Air Jordan® Design | 1,742,019 | December 22, 1992 | 18, 25 |
| 7. | Air Jordan® Design | 1,558,100 | September 26, 1989 | 25 |
| 8. | Just Do It® | 1,875,307 | January 24, 1995 | 25 |
| 9. | Nike® | 2,196,735 | October 13, 1998 | 14 |
| 10. | Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 | 14 |

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 450 North Brand Boulevard, Suite 600, Glendale, California 91203-2349.

On February 2, 2007, I served on the interested parties in this action with the:

JOINT STIPULATION RE ENTRY OF CONSENT DECREE; [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION

for the following civil action:

Nike, Inc. v. Ismael, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Henry Schaefer
Law Offices of Astanehe & Schaefer
819 Eddy Street
San Francisco, CA 94109

Place of Mailing: Glendale, California
Executed on February 2, 2007, at Glendale, California

_____
Annie Wang